```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**DARIUS HENNING,**

    **Petitioner,**

**v.**  //  **CIVIL ACTION NO. 1:16CV146**
                          **CRIMINAL ACTION NO. 1:15CR29**
                                **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 21]**

On June 30, 2016, the pro se petitioner, Darius Jordan Henning ("Henning"), filed a motion to vacate pursuant to 28 U.S.C. §§ 2255, which the Court referred to United States Magistrate Judge Robert W. Trumble for initial screening and a Report and Recommendation ("R&R") in accordance with LR PL P 2.

On June 23, 2017, Magistrate Judge Trumble issued an R&R, in which he recommended that the Court dismiss the petition because all three of Henning's ineffective assistance of counsel claims were meritless (dkt. no. 21). First, the R&R concluded that trial counsel was not ineffective for failing to advise him that the would be subject to a two-point sentencing enhancement for possession of a stolen firearm because Henning had, on at least two occasions, been informed in open court that the enhancement would apply. Id. at 8-9. Next, it found that trial counsel was not ineffective for failing to seek a plea agreement because Henning had in fact been tendered a plea agreement, which he rejected. Id. at 9 Finally, the R&R concluded that trial counsel was not

**HENNING V. UNITED STATES**                                            **1:16CV146**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 21]**

ineffective for failing to seek a downward variance at sentencing based on Henning's psychological problems. Id. at 10. The R&R noted that, other than Henning's bald assertion of extensive psychological problems, never raised prior to the instant § 2255 petition, there was simply no evidence in the record that would have supported such a request by trial counsel. Id.

The R&R also specifically warned Henning that his failure to object to the recommendation would result in the waiver of any appellate rights he might otherwise have on this issue. Id. at 11. The parties did not file any objections.[1] Consequently, finding no clear error, the Court **ADOPTS** the R&R in its entirety (dkt. no. 21) and **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and stricken from the Court's active docket.

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of

---

[1] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

**HENNING  V. UNITED STATES**                                    **1:16CV146**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 21]**

Appellate Procedure 22." 28 U.S.C. foll. § 2255(a). The Court finds it inappropriate to issue a certificate of appealability in this matter because Henning has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003). Upon review of the record, the Court concludes that Henning has failed to make the requisite showing, and **DENIES** a certificate of appealability.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: July 18, 2017.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE